# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

BRANDON WARD,

        Petitioner,     :     Case No. 2:18-cv-734

  - vs -                            Chief Judge Edmund A. Sargus, Jr.
                                    Magistrate Judge Michael R. Merz

DAVID GRAY, Warden,
  Belmont Correctional Institution,

                                   :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is an action brought *pro se* by Petitioner Brandon Ward under 28 U.S.C. § 2254 to obtain relief from his conviction in the Delaware County Court of Common Pleas for sexual battery. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 6), and the Return of Writ (ECF No. 7). When ordering an answer, Magistrate Judge Chelsey M. Vascura set a deadline of twenty-one days after the Return for Petitioner to file a reply (Order, ECF No. 2). Since the Return was filed November 21, 2018, Petitioner's deadline for his reply was December 15, 2018,[1] but he has neither filed a reply nor sought or received an extension of time to do so.

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in this District (ECF No. 8).

---

[1] Petitioner was entitled to an additional three days because he was served with the Return by mail.

1

**Litigation History**

On August 5, 2016, a Delaware County, Ohio, grand jury indicted Petitioner on two counts of rape, two counts of sexual battery, and one misdemeanor count of petty theft (State Court Record, ECF No. 6, Ex. 1, PageID 31-34). He pleaded guilty to the theft charge and was convicted of the sexual battery charges, but acquitted of the rape charges. *Id*. at Exs. 4-5, PageID 43-46. The trial judge merged the sexual battery counts under Ohio Revised Code § 2941.25 and sentenced Ward to fifty-four months imprisonment, concurrent with six months on the theft charge. *Id*. at Ex. 6, PageID 48.

Ward appealed and the judgment was affirmed. *State v. Ward*, 5th[2] Dist. Delaware No. 16 CAA 12 0055, 2017-Ohio-4284 (Jun. 13, 2017), appellate jurisdiction declined, 151 Ohio St. 3d 1427 (2017). On September 19, 2017, Ward filed an application to reopen the direct appeal to raise one claim of ineffective assistance of appellate counsel (State Court Record, ECF No. 6, Ex. 16, PageID 183-98). The Fifth District declined to reopen the appeal on procedural grounds and Ward did not further appeal to the Supreme Court of Ohio. *Id*. at Ex. 20, PageID 206. Ward filed a petition for post-conviction relief under Ohio Revised Code § 2953.21, *id*. at Ex. 21, PageID 207-13, which the trial court denied on February 15, 2018, *id*. at Ex. 24, PageID 223-25; his appeal was denied for want of prosecution. *Id*. at Ex. 27, PageID 235. On April 16, 2018, Ward filed a successive petition for post-conviction relief. *Id*. at Ex. 28, PageID 236-45. The trial court denied the petition and Ward did not appeal. *Id*. at Ex. 32, PageID 251-52. On July 18, 2018, he filed his Petition here, pleading the following grounds for relief:

---

[2] The Return incorrectly states the appeal was to the Eighth District Court of Appeals.

> **Ground One:** Petitioner's conviction for two counts of sexual battery was not supported by sufficient evidence.
>
> **Supporting Facts**: The State of Ohio unreasonably applied federal law to the facts of petitioner's case. The State of Ohio failed to find the essential elements of sexual battery.
>
> **Ground Two**: Ineffective assistance of counsel.
>
> **Supporting Facts**: Petitioner argued that his counsel, was ineffective for failing to move to a criminal rule 29 motion for acquittal at the close of appellant's case in chief and at the close of appellant's case in chief based on insufficiency of the evidence.
>
> **Ground Three**: Ineffective assistance of counsel.
>
> **Supporting Facts:** Trial counsel was ineffective in failing to vigorously cross examine Amy Zoller, who was a registered nurse. Trial counsel failed to examine her on the absence of bruising, tears, DNA and or other specimens.

(Petition, ECF No. 1, PageID 6-9).

# Analysis

**Ground One: Insufficient Evidence**

In his First Ground for Relief, Ward claims his conviction for sexual battery is not supported by constitutionally sufficient evidence. Respondent defends this Ground for Relief on the merits.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (en banc). In order

for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, No. 3:03-po-2, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007) (Rice, J.). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable

> doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson*, and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (en banc);*Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008) . Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S.Ct. 2, 181 L.Ed.2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam); accord *Matthews*, 567 U.S. at 43 .

Ward raised insufficiency of the evidence as his first assignment of error on direct appeal and the Fifth District decided it as follows:

> **{¶ 53}** Appellant, in the case sub judice, was convicted of sexual battery in violation of R.C. 2907.03(A)(2) and (A)(3). R.C. 2907.03 states, in relevant part, as follows: (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:...

5

**{¶ 54}** (2) The offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired.

**{¶ 55}** (3) The offender knows that the other person submits because the other person is unaware that the act is being committed.

**{¶ 56}** R.C. 2907.01(A) defines "sexual conduct" as follows: "(A) 'Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2901.22(B) provides as follows:

> (B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

**{¶ 57}** Appellant specifically contends that there was not sufficient credible evidence that M.W. was substantially impaired at the time of the sexual activity or that he knew that she was substantially impaired and unable to appraise the nature of or control her own conduct.

**{¶ 58}** In the case sub judice, M.W. testified that while she was watching a movie with appellant, she laid down and ended up falling asleep while fully clothed. When asked what she remembered next, she testified that she "remembered waking up and feeling—well, my pants were down and he was behind me and kind of over top of me." Trial Transcript at 260. She further testified that appellant's penis was inside of her vagina. According to M.W., the two of them never discussed having sex that night. While there was no evidence that M.W. was intoxicated or under the influence of drugs, the Eighth District Court of Appeals "has held that sleep constitutes a mental or physical condition that substantially impairs a person from resisting or consenting to sexual conduct." *Clark*, ¶ 21, citing

> *Graves*. When a person is unconscious, she is not in a mental condition to resist or consent to the sexual conduct." *State v. Jones*, 8th Dist. Cuyahoga No. 98151, 2012-Ohio-5737 at paragraph 30. (Citations omitted). See also *State v. Adams*, 9th Dist. Lorain No. 05CA008685, 2005-Ohio-4360, in which the court held that the evidence was sufficient to support defendant's sexual battery conviction. In such case, the victim had testified that, on two occasions, the defendant fondled her and digitally penetrated her while she was sleeping. We find that there was credible evidence that M.W. was substantially impaired at the time of the sexual offense.
>
> {¶ 59} Appellant also asserts that there is no evidence that he knew that M.W. was asleep and unable to appraise the nature of or control her own conduct. However, as noted by appellee, M.W. testified that she fell asleep while fully clothed while appellant was sitting near her feet and that she later woke up with her shorts pulled down and appellant's penis in her vagina. Her testimony, if believed, establishes that M.W. was asleep during the sexual assault. As noted by appellee, appellant would have had to move from his position on M.W.'s bed, pull her shorts down and begin having sexual intercourse with her "all while she did not move and did not respond verbally in any way. It would be impossible for someone to have engaged in sexual conduct with M.W. in that manner and not have been aware that she was asleep."
>
> {¶ 60} Based on the foregoing, we find that appellant's conviction for sexual battery is not against the sufficiency. We find that any rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found that appellant committed sexual battery beyond a reasonable doubt.

*Ward*, 2017-Ohio-4284.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. §

7

2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *Harrington*, 562 U.S. at 100.

Ward has offered no argument as to why this decision is an objectively unreasonable application of Supreme Court precedent. Independently reviewing it, the Magistrate Judge concludes that it is not. Therefore, Petitioner's First Ground for Relief should be denied on the merits.

**Grounds Two and Three: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Ward asserts he received ineffective assistance of trial counsel when his defense counsel did not move for a judgment of acquittal at the close of the State's case and again at the close of all the evidence. In his Third Ground for Relief, Ward argues his trial attorney did not cross examine Nurse Amy Zoller vigorously enough.

Respondent argues these claims are procedurally defaulted because, although they were raised on direct appeal, Ward did not include them as issues in his direct appeal to the Ohio Supreme Court (Return, ECF No. 7, PageID 849-50). Ward has made no response to this defense and it is well taken. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (citations omitted).

Respondent alternatively defends against these two Grounds for Relief on the merits. As Respondent notes, the governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).

9

In deciding the issue raised in the First Ground for Relief, the Fifth District reasonably held that, because sufficient evidence was presented, Ward suffered no prejudice from failure to dismiss for lack of sufficient evidence, which is the substance of a motion for judgment of acquittal under Ohio Crim.R. 29. As to the Second Ground for Relief, the Fifth District explained how defense counsel's cross-examination of Ms. Zoller fit with his trial strategy:

> **{¶ 67}** Appellant also maintains that trial counsel was ineffective in failing to vigorously cross-examine Amy Zoller, who was a registered nurse who performed a sexual assault examination on M.W. Appellant argues that trial counsel failed to cross-examine her on the absence of bruising, tears, DNA, and/or other specimens of appellant that would otherwise be present if a sexual battery had occurred. We note that at trial, Zoller testified that there was an indication of an abrasion to the bottom entry of the vagina. Moreover, whether or not M.W. had any type of physical injury was not relevant as to whether or not she was asleep at the time of the sexual conduct. As for DNA, since appellant admitted to engaging in sexual conduct with M.W., the presence or absence of his DNA was irrelevant.
>
> **{¶ 68}** During cross-examination, appellant's defense counsel elicited testimony from Zoller that M.W. told her that she had difficulty relating a history of events, that M.W. spoke slowly and was tearful and that M.W. did not make eye contact with her during the examination. During closing arguments, defense counsel used such testimony in arguing that M.W.'s testimony was not credible and that M.W. "couldn't tell it straight because she was trying to cover up the truth, and the truth was she voluntarily consented to sexual activity with [appellant]...." Trial Transcript at 456. We find that trial counsel was not ineffective, but rather exercised sound trial strategy because this case boiled down to a credibility determination between M.W. and appellant.

*Ward*, 2017-Ohio-4284. In other words, Ms. Zoller was able to provide the testimony that was most useful to the defense – the tentativeness of the victim's narration – without any more "vigorous" cross examination. Any DNA evidence was irrelevant, given Ward's admission of the sexual conduct. The issue was not whether Ward had sufficiently violent sex with the victim to leave evidence of that violence – tears, bruising, etc. Rather, the issue was whether or not she

10

consented. It was the victim's credibility that was at issue, not Ms. Zoller's. The Fifth District's decision of this assignment of error was a reasonable application of *Strickland*, both as to the deficient performance prong and as to prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 4, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).